UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| The Cradle Society, | ) | | |
| | ) | | FILED: FEBRUARY 9, 2009 |
| Plaintiff, | ) | | 09CV815 |
| | ) | | |
| v. | ) | Case No. _____ | JUDGE MANNING |
| | ) | | MAGISTRATE JUDGE BROWN |
| Hilary J. Zalon, an individual, | ) | | |
| | ) | | TC |
| and | ) | | |
| | ) | | |
| The Cradle, LLC, a corporation, | ) | | |
| | ) | | |
| Defendants. | ) | | |
| | ) | | |

## COMPLAINT

Plaintiff, The Cradle Society, for and as its complaint, alleges as follows:

## <u>PARTIES AND JURISDICTION</u>

1.     Plaintiff, The Cradle Society, is and at all times material hereto, has been an Illinois not-for-profit corporation located at 2049 Ridge Avenue, Evanston, Illinois 60201.

2.     Defendant, Hilary J. Zalon, upon information and belief, is an individual located at 1226 23rd Street, Santa Monica, California 90404.  Ms. Zalon is the founder and President of Co-Defendant, The Cradle, LLC, a California limited liability company located at 1100 Glendon Avenue, 17th Floor, Los Angeles, California 90024, and is

subject to the jurisdiction of this Court. Ms. Zalon and The Cradle, LLC are collectively referred to hereinafter as "Defendants".

3.      This Court's jurisdiction arises from the fact that: (i) this is an action brought under the Trademark Laws of the United States, 15 U.S.C. §§ 1051-1127, jurisdiction being conferred by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338; (ii) this is a civil action in which The Cradle Society and Defendants are citizens of different states and the value of the matter in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs, jurisdiction being conferred under 28 U.S.C. § 1332(a); and (iii) certain claims are joined with substantial and related claims under the Trademark Laws of the United States, 15 U.S.C. §§ 1051-1127, jurisdiction being conferred by 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS

### The Cradle Society And Its THE CRADLE Mark

5.      Since 1923 and for many decades, The Cradle Society has made continuous use of the trade name and trademark THE CRADLE in connection with a wide variety of adoption-related services directed at the market primarily relating to non-biological parents who adopt or plan to adopt children and biological parents who are

contemplating adoption as an option.

6.     The Cradle Society has registered domain names containing the mark THE CRADLE, including <cradle.org> and <thecradle.org>, both of which were registered on March 6, 1996.

7.   The Cradle Society has developed an extensive web site in association with the <cradle.org> and <thecradle.org> domain names.  This web site includes a header on each page with THE CRADLE mark, and is an important source of information for pregnant women, adoptive families, and others.  As part of its role as a community center for clients and potential clients of The Cradle Society, the web site provides an on-line interactive community discussion forum for web site users including birth parents and adoptive parents.

8.   The Cradle Society has established itself as a prominent figure in the world of adoption and related family-support services, and has spent significant amounts of time and money promoting and advertising THE CRADLE name and mark throughout the United States, and on an international basis.

9.     By virtue of its long-standing involvement and prominence in the adoption community and extensive promotion and advertising to expecting parents, prospective adoptive parents and new families, THE CRADLE name and mark has become famous and well-known throughout the United States, and The Cradle Society now owns an immensely valuable goodwill symbolized by THE CRADLE.

**Ms. Zalon's Applications to Register THE CRADLE**

10.     Ms. Zalon owns and operates The Cradle, LLC and the web site located at <thecradle.com> and <thecradle.net> where goods and services are advertised to and directed at the market primarily relating to expectant biological parents who intend to parent their own child and new parents of their biological child.

11.     On May 16, 2006, Ms. Zalon filed an intent-to-use application, Serial No. 78/884,890, to register the mark THE CRADLE for the following goods and services: "Providing links to the web sites of others featuring retail store services in the field of baby related products, namely, clothing, nursery items, toys, and other baby gear" in International Class 35; "Providing an interactive on-line forum for transmission of messages among computer users concerning information of interest to expectant parents relating to experiences with and information about babies; providing tools for expectant and new parents, namely, providing on-line electronic bulletin boards for transmission of messages among computer users concerning baby names, infant photo galleries, online birth announcements, and gift registry information" in International Class 38; and "Providing pregnancy and baby related information to expectant mothers in the field of healthcare" in International Class 44.

12.     On July 15, 2008, Ms. Zalon applied for a U.S. trademark registration for the mark THE CRADLE, Application Serial No. 77/522,450, for the following goods and services: "Magazines featuring articles and information of interest to expectant mothers

and mothers of newborns" in International Class 16; "Retail store and on-line retail store services featuring products appealing to expectant mothers and mothers of newborns" in International Class 35; and "Entertainment in the nature of on-going television programs in the field of pregnancy and parenting" in International Class 41.

13.     On information and belief, neither Ms. Zalon, The Cradle, LLC, nor any predecessor or related company of Defendants have any basis for claiming rights in THE CRADLE prior to May 2006 at the earliest.

14.     Defendants' use of and applications to register THE CRADLE are without The Cradle Society's consent.

15.     Ms. Zalon's proposed use of THE CRADLE for the applied for goods and services is likely to cause confusion, mistake or deception with The Cradle Society and its THE CRADLE mark, and is likely to cause users of the web site associated with <thecradle.com> and <thecradle.net> and others to erroneously believe that The Cradle, LLC's services are The Cradle Society's services or that The Cradle, LLC or its services are in some way legitimately connected with, sponsored or approved by The Cradle Society.

16.     Accordingly, Ms. Zalon's registrations of THE CRADLE on behalf of The Cradle, LLC would be damaging to The Cradle Society.

### Registration Of The Infringing Domain Names And Cybersquatting Activities

17.     According to the Whois database of domain name registrations, Ms. Zalon

registered <thecradle.com> on May 23, 2006 and <thecradle.net> on December 19, 2007 (collectively referred to as the "Infringing Domain Names"). The Infringing Domain Names are registered under the Ms. Zalon's name.

18.     Ms. Zalon registered the Infringing Domain Names decades after The Cradle Society's adoption and first use of the famous THE CRADLE mark and subsequent to The Cradle Society's registration of its domain names containing that mark.

19.     The Infringing Domain Names resolve to The Cradle, LLC's web site at <www.thecradle.com> and are confusingly similar to the THE CRADLE mark because they incorporate in their entirety the famous and distinctive THE CRADLE mark.

20.     Ms. Zalon's addition of the ".com" and ".net" generic top level domains to "THE CRADLE" does not serve to distinguish the Infringing Domain Names from the THE CRADLE mark.

21.     Defendants' use of THE CRADLE in connection with the Infringing Domain Names is likely to cause confusion and deception as to source, sponsorship, affiliation or endorsement, with The Cradle Society and its THE CRADLE mark.

22.     Defendants have and continue to use the Infringing Domain Names to divert Internet users from The Cradle Society's web site.

23.     On information and belief, the Infringing Domain Names generate revenue for Defendants by directing Internet traffic to The Cradle, LLC's web site and linking to

other web sites offering pregnancy and baby-related informational services.

24.     The aforesaid activities are without the consent of The Cradle Society.

25.     On information and belief, Defendants' use of the Infringing Domain Names has been and continues to be made with a bad faith intent to profit from the THE CRADLE mark.

26.     Defendants use the Infringing Domain Names to attract and divert Internet users from The Cradle Society's web site to The Cradle, LLC's web site for commercial gain based on a likelihood of confusion as to the source, sponsorship, affiliation or endorsement, with The Cradle Society and its THE CRADLE mark.

27.     Ms. Zalon registered the Infringing Domain Names with the knowledge that they are identical and/or confusingly similar to and dilutive of The Cradle Society's distinctive and famous THE CRADLE mark, without regard to the services of The Cradle Society.

28.     Defendants do not have any intellectual property rights in the Infringing Domain Names, or any other term identical with or similar to the THE CRADLE mark.

29.     Defendants made no legitimate use of any term identical or similar to the THE CRADLE mark before registering the Infringing Domain Names.

**The Cradle Society's Opposition To Ms. Zalon's Application To Register THE CRADLE**

30.     On March 11, 2008, The Cradle Society filed a Notice of Opposition with respect to Ms. Zalon's Application to register Ser. No. 78/884,890 (Opposition No.

91182905).

31.     The proceedings in the Opposition were thereafter suspended while the parties attempted to negotiate a settlement.

32.     A default judgment was entered against Ms. Zalon on December 30, 2008 for failure to file an answer.  On January 24, 2009, the Trademark and Trial Appeal Board vacated the default judgment in light of the parties' continued efforts to reach a settlement and entered an order further suspending the Opposition and requiring Ms. Zalon to file an answer on or before March 27, 2009.

33.     Although settlement appeared imminent (which would have included The Cradle Society granting Defendants a limited license to use THE CRADLE name and mark, Ms. Zalon's assignment of the anticipated registrations for THE CRADLE to The Cradle Society, and the provision of a link to The Cradle Society's web site from The Cradle, LLC's web site), Ms. Zalon recently rejected the negotiated settlement terms.

**FIRST CLAIM FOR RELIEF**
**(FALSE DESIGNATION OF ORIGIN, FALSE**
**REPRESENTATION, AND UNFAIR COMPETITION)**

34.     The Cradle Society re-alleges paragraphs 1 through 33, as if fully set forth herein.

35.     Defendants' acts constitute a false designation of origin, false representation, and unfair competition with Reliant in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the Illinois Uniform Deceptive Trade Practices Act,

Illinois Statute § 815 ILCS 510/1 et. seq., and the common law of the various states, including the State of Illinois.

36.     Defendants' acts greatly and irreparably damage The Cradle Society and will continue to so damage The Cradle Society unless restrained by this Court; wherefore, The Cradle Society is without an adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## (CYBERSQUATTING)

37.     The Cradle Society re-alleges paragraphs 1 through 33, as if fully set forth herein.

38.     Defendants' actions constitute cybersquatting in violation of the Anti-cybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

39.     Defendants' acts greatly and irreparably injure The Cradle Society and will continue to so injure The Cradle Society unless restrained by this Court; wherefore, The Cradle Society is without an adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## (TRADEMARK DILUTION)

40.     The Cradle Society re-alleges paragraphs 1 through 33, as if fully set forth herein.

41.     Defendants' acts are likely to tarnish The Cradle Society's valuable

business reputation and goodwill and are likely to blur the distinctiveness of the famous and distinctive THE CRADLE mark.

42.     Defendants' acts of dilution and tarnishment are intentional and willful.

43.     Defendants' acts constitute dilution and tarnishment of The Cradle Society's famous THE CRADLE mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and Illinois' anti-dilution statute, 765 ILCS 1036/65.

44.     Defendants' acts greatly and irreparably damage The Cradle Society and will continue to so damage The Cradle Society unless restrained by this Court; wherefore, The Cradle Society is without an adequate remedy at law.

WHEREFORE, The Cradle Society prays:

1.     That Defendants, and all persons acting in concert or participating with Defendants, be preliminarily and permanently enjoined from:

a)     registering or maintaining any registration of THE CRADLE or any other names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise confusingly similar to the THE CRADLE mark or any other trade names, trademarks or service marks of The Cradle Society;

b)     using THE CRADLE, the Infringing Domain Names or any other names, words, designations or symbols consisting of, incorporating

in whole or part, or otherwise confusingly similar to the THE

CRADLE mark or any other trade names, trademarks or service

marks of The Cradle Society;

c)      using any names, words, designations or symbols consisting of,

incorporating in whole or part, or otherwise similar to the THE

CRADLE mark or any other The Cradle Society trademark

anywhere on any web site or the web sites of Defendants.

d)      using any names, words, designations or symbols consisting of,

incorporating in whole or part, or otherwise similar to the THE

CRADLE mark or any other The Cradle Society trademark in any

buried code, metatags, search terms, keywords, key terms, hits

generating pages, or any other devices used, intended, or likely to

cause any web site or web sites of Defendants to be listed by any

Internet search engines in response to any searches that include any

terms identical with or confusingly similar to the THE CRADLE

mark or any other The Cradle Society trademarks;

e)      using any names, words, designations or symbols consisting of,

incorporating in whole or part, or otherwise similar to the THE

CRADLE mark or any other The Cradle Society trademark in any e-mail or other marketing solicitations sent to consumers;

f)     otherwise infringing The Cradle Society's trademarks;

g)     making any description or representation stating or implying that Defendants' goods or services, domain names or web sites are in any way affiliated, associated, authorized, sponsored, endorsed or otherwise connected with The Cradle Society; and

h)     any other conduct that is likely to cause confusion or to cause mistake or to deceive as to the source, affiliation, connection or association of Defendants' domain names, web sites, products or services with The Cradle Society.

2.     That Defendants be ordered to disclose to the Court and The Cradle Society all other domain name registrations owned directly or indirectly by Defendants, or by entities in which Defendants have a financial interest, to permit the Court and The Cradle Society to consider whether any such other registrations should be subject to relief in this matter.

3.     That Defendants, and all persons acting in concert or participating with Defendants, be ordered to transfer to The Cradle Society the Infringing Domain Names

and any other infringing domain names as may be determined by the Court as appropriate herein for relief.  15 U.S.C. § 1125(d)(1)(C).

4.      Directing the cancellation or express abandonment of Defendants' pending Applications to register THE CRADLE, Ser. Nos. 78/884,890 and 77/522,450.

5.      That Defendants be ordered to pay statutory damages in the amount of $100,000.00 per infringing domain name, for a total amount of $200,000.00.  15 U.S.C. § 1117(d).

6.      That Defendants be ordered to pay The Cradle Society all profits realized by Defendants by reason of Defendants' unlawful acts as set forth in this Complaint.  15 U.S.C. § 1117(a).

7.      That Defendants be ordered to pay The Cradle Society all damages suffered by The Cradle Society by reason of Defendants' trademark infringement as set forth in this Complaint.  15 U.S.C. § 1117(a).

8.      That the Court award The Cradle Society three times the damages suffered by reason of the intentional, unlawful acts of Defendants as set forth in this Complaint. 15 U.S.C. §§ 1117(a).

9.      That Defendants be required to file with this Court and serve on the undersigned counsel for The Cradle Society, within thirty (30) days after the entry of

judgment, a written report under oath setting forth in detail the manner in which

Defendants have complied with the injunction ordered by this Court.  15 U.S.C. § 1116.

     10.    That Defendants be ordered to pay to The Cradle Society the costs of this

action and its reasonable attorneys' fees.  15 U.S.C. §§ 1117(a).

That The Cradle Society shall have such other relief as this Court may deem just and

proper.

Dated: February 9, 2009                     Respectfully submitted,

                    By:  s/Mark V.B. Partridge

                    PATTISHALL, McAULIFFE, NEWBURY,
                     HILLIARD & GERALDSON LLP
                         Mark V.B. Partridge (IL ARDC No. 6181230)
                         Alexis E. Payne (IL ARDC No. 6270412)
                         311 South Wacker Drive
                         Suite 5000
                         Chicago, Illinois  60606-6631
                         (312) 554-8000 Telephone
                         (312) 554-8015 Facsimile

                      Attorneys for Plaintiff The Cradle Society